NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10219 |
| Plaintiff - Appellee, | D.C. No. 2:02-CR-01002-SRB |
| v. | |
| DAVID CASIMIRO BRAVO-CUEVAS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

David Casimiro Bravo-Cuevas appeals from the nine-month sentence

imposed following the revocation of supervised release.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AK/Research

Bravo-Cuevas contends that his due process rights were violated by the district court's denial of his right to confront and cross-examine witnesses. We review for plain error because Bravo-Cuevas failed to object to the hearsay testimony of the probation officer, and failed to challenge the accuracy of the documentation used to support the allegation that he violated a condition of his supervised release. *See United States v. Rodriguez-Lara*, 421 F.3d 932, 948 (9th Cir.2005). The district court listened to the testimony and reviewed the documentation before concluding that the government had proved the violation by a preponderance of the evidence. On these facts, the district court's failure to balance Bravo-Cuevas' right to confront and cross-examine witnesses against the government's good cause for denying the right did not constitute plain error because any error did not affect his substantial rights. *See United States v. Simmons*, 812 F.2d 561, 564-65 (1987); *see also United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999).

**AFFIRMED.**